UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TINA LOUISE COOK,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | CASE NO. 1:12-CV-249<br><br>OPINION & ORDER<br>[Resolving Doc. Nos. 1 & 18] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge Nancy A. Vecchiarelli recommends this Court affirm the Social Security Commissioner's denial of Disability Insurance Benefits to Plaintiff Tina Louise Cook. Because the Administrative Law Judge (ALJ) had substantial evidence supporting his determination that Plaintiff was less than fully credible and that she was capable of simple and repetitive work, the Court ADOPTS the recommendations of the Magistrate Judge and AFFIRMS the Commissioner's denial of benefits.

## I. Background

On May 23, 2008, Plaintiff filed applications for disability insurance benefits and supplemental security income. [Tr. 9.] In both applications, she alleged disability beginning in November 2006. [*Id.*] Those claims were denied in September 2008, and again upon reconsideration in April 2009. On November 17, 2010, Plaintiff appeared before ALJ Edmund Round for a hearing that included her attorney and a vocational expert.

On December 27, 2010, ALJ Round denied Plaintiff's applications after concluding that she "has not been under a disability within the meaning of the Social Security Act . . . ." [*Id.*] ALJ Round found that Plaintiff demonstrated that she suffered from a major depressive disorder and a generalized anxiety disorder. [*Id.* at 11.] Those impairments, however, did not meet or were not medically equal to one of the listed impairments in the Social Security Act's regulations. Specifically, the impairments did not result in two or more of the following: "a marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties with concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration." [*Id.* at 12.] The ALJ also found that Cook failed to demonstrate either that she had episodes of decompensation, or that she lived in a highly supportive living arrangement. One or the other is required to obtain benefits under what are known as "paragraph C" criteria. The Social Security Administration's Appeals Council denied Cook's request for review. [*Id.* at 1.]

On February 1, 2012, Cook filed the instant complaint in this Court under 42 U.S.C. § 1383(c). On September 26, 2012, Magistrate Judge Vecchiarelli issued her report recommending that ALJ Round's decision be affirmed. Cook timely lodged two objections to that report. First, she says that the ALJ's credibility assessment is erroneous. Second, she says that the ALJ's residual functional capacity analysis (RFC) relies on the opinion of a non-examining physician. The matter is now ripe for adjudication.

## II. Legal Standards

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial activity due to the existence of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A). Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled. The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).

The Federal Magistrates Act requires a district court to conduct *de novo* review of the claimant's objections to a report and recommendation. 28 U.S.C. § 636(b)(1). A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*. A district court determines only whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence. See *id*. In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made. *Siterlet v. Sec. of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

III.

*A. The ALJ's credibility assessment is supported by substantial evidence in the record*

Cook first objects to the ALJ's credibility assessment. The ALJ concluded that Cook's statements about "the intensity, persistence, and limiting effects" of her impairments are not credible to the extent they are inconsistent with the RFC. [Tr. 15.] In support of his position, the ALJ noted that Cook missed several appointments with social workers at Catholic Charities and with a treating physician. [*Id.* at 14.] These absences, the ALJ determined, brought "into question both Ms. Cook's commitment to treatment and her credibility regarding the severity of her symptoms."

An ALJ's credibility determination must "contain specific reasons for the finding on credibility, supported by the evidence in the case record," and must be "sufficiently specific to make clear to the individual and to any subsequent reviews the weight the adjudicator gave to [the applicant's] statements and the reasons for that weight." *Rogers*, 486 F.3d at 249 (quoting SSR 96-7p, 1996 WL 374186, at *4).

Cook says that the governing regulations preclude the ALJ from drawing inferences from the missed appointments. [Doc. 18, at 3.] She also provides information as to why she missed some appointments, including a lack of money to pay for parking and a lack of motivation—the latter of these being a symptom of her mental illness.

The full extent of the Social Security Ruling that Cook relies on is as follows:

> the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure. However, the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment. The

> adjudicator may need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner.

SSR 96-7p, 1996 WL 374186, at *7. If the ALJ had considered only the past absences alone, his ruling could be called into question. But he considered the absences *along with* the psychological evaluations in the record. [Tr. 15.] He discussed the evaluations of Dr. House, Dr. Zwissler, and Dr. Noveske, and determined that the extent of Cook's stated symptoms went against the weight of the evidence in the record. Further, evidence in the record demonstrated that Cook felt "significantly better" around the same time that she missed appointments at Catholic Charities. Taken together, the evidence supports the ALJ's credibility assessment.

*B. The ALJ's RFC assessment is supported by substantial evidence in the record*

The ALJ determined that Cook is capable of performing simple, routine, and low-stress tasks. In support of this determination, he considered Cook's psychological symptoms. [Tr. 13-14.] Drs. House and Zwisser, both non-treating physicians, concluded that Cook was "only mildly limited," had an "ability to understand and follow direction," and had "the ability to sustain two or three step tasks." [*Id.*] Dr. Noveske, Cook's treating physician, reported that Cook "would react poorly to work pressure involved in simple, routine, and repetitive tasks." [*Id.*] The ALJ afforded Dr. Noveske's opinion little weight, because "it is not consistent with the weight of the evidence." Rather, according to the ALJ, "Cook is doing well on her medication, despite her non-compliance with scheduled appointments." [*Id.*]

Cook objects to the ALJ's assessment for two reasons. First, she takes issue with the ALJ's reliance on Dr. Zwisser, a non-treating physician. And second, she says that Dr. Noveske was in a better position to evaluate her because his report was issued three months after Dr. Zwisser's. Yet,

the ALJ did not arbitrarily discount the weight of Dr. Noveske's report; rather, the ALJ considered it, but gave it little weight because it was not consistent with other evidence in the record. *See, e.g.*, ALJ Decision at 15 ("Ms. Cook is doing well on her medication."); *see also* Psychiatric Progress Notes, Tr. 361-63 (indicating that Cook was doing well on the medication, feeling better about her living situation, and looking forward to finding work and getting her GED).

Cook contends that the Sixth Circuit requires that a non-examining physician have a complete medical snapshot to have his opinion be adopted by the ALJ. In a footnote in *Rogers*, the Sixth Circuit does emphasize the importance of reviewing a complete medical record. 486 F.3d at 245 n.4. However, the context of that footnote is in explaining why non-examining physicians may be given greater weight than examining physicians. *Id.* ("[The non-examining physician's record] provides more detailed and comprehensive information than what was available to the individual's treating source.") (quotation omitted). Here, Cook does not put forth any evidence of what changed in the three months after Dr. Zwisser issued his report. There is no reason why Dr. Noveske's report should be given extra weight when it is not based on new facts and is against the weight of other evidence in the record.

## IV. Conclusion

For the foregoing reasons, the Court ADOPTS the recommendations of the Magistrate Judge and AFFIRMS the Commissioner's denial of benefits.

IT IS SO ORDERED.

Dated: January 10, 2013

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE